## No. 11,352.

### STATE OF LOUISIANA VS. JEAN DUBARRY.

An ordinance within the power delegated is not illegal.

Act 116 of 1888 delegates to the City Council the authority to prescribe by ordinance "the manner private markets shall be kept."

If the power is not specially announced, the terms of the act cover an implied power in the council.

Under an implied power the reasonableness of an ordinance is a judicial question for the courts.

The records do not disclose any evidence to show unreasonableness of the ordinance.

Without evidence establishing the unreasonableness of the ordinance the court will not decide that it is unreasonable, and that the plan proposed by the defendant for his market house is reasonable, and offers every security for cleanliness and ventilation.

The ordinance assailed by the defendant is reasonable; it is not oppressive, nor is it *ultra vires*.

APPEAL from the First Recorder's Court of the City of New Orleans.   *Whitaker, J.*

*T. R. Rozier*, Assistant City Attorney, and *E. A. O'Sullivan*, City Attorney, for Plaintiff and Appellee.

*W. J. Waguespack* for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J.   The accused was convicted and fined for violating an ordinance of the City Council relating to private markets, and from the judgment condemning him he appeals.

His grounds before this court are that the ordinance is unreasonable, oppressive and *ultra vires*.

The ordinance assailed for illegality prescribes that the private market shall measure 10x15 in superficial area, 16 feet in height from floor to ceiling; that it shall moreover be separated from the nearest building by a distance of $3\frac{1}{2}$ feet, and be well ventilated; the floor to be of flagging or cement; that the stalls and stands be washed and cleaned daily, and kept in the highest state of cleanliness.

The defendant admits that his building is less than sixteen feet from floor to ceiling; that it is less than three and one-half feet from

3

the nearest building; that the floor is of wood, and not of flagging and cement.

The right to keep private markets was granted by the Legislature, and in thus granting the right they were subordinated to the police power for the maintenance of cleanliness and salubrity.

To the City Council the power to govern and regulate the private markets was delegated.

It is not unreasonable in a city imperfectly drained, located on low lands near marshes and swamps, in a warm climate, to adopt an ordinance requiring that the building shall be ventilated and the floor cemented.

It is, on the contrary, reasonable to guard against local causes, and to be alert not to expose a large population in a malarious atmosphere.

The defendant wishes to substitute his judgment regarding these market buildings to that exercised by the public authorities in adopting an ordinance they deemed the public health required.

Should we allow the demand, and the defendant were to establish a private market such as his interest or judgment suggests, others also would doubtless be pleased to make a similar departure from the requirement of the ordinance assailed by the defendant, and in a short time all health ordinances regulating these markets would be defeated and rendered useless.

Such prostration of regulations for public health can not be thought of for a moment.

The defendant argues that the ordinance operates oppressively.

The ordinance is one ordained under a law of necessity.

In order that an ordinance may be declared oppressive it must be partial and unjust.

The ordinance is general and applies to all who follow the occupation followed by the defendant. They are all subject to the same law, and required to conform to the regulation imposed in public interest.

The licenses are issued upon the condition that the occupation shall be conducted in accordance with the laws and ordinances adopted under proper authority.

Nor can it be said that the ordinance is unjust in the sense that it is oppressive.

State vs. Dubarry.

The regulations of public corporations for their police and health are obligatory upon all persons who are within their authority, provided they contain nothing unauthorized or contrary to law.

In obeying this ordinance the defendant will not be subjected to anything unjust and unreasonable.

Ordinances to maintain the cleanliness of market places are not unjust, but are prompted by the highest regard for the safety of the community, and it is only an act of justice to take precautionary measures to suppress anything that may be hurtful to life or prejudicial to health.

Every person owes a certain duty to the public, and one of these duties require, that the public shall not be exposed to nuisances of any kind.

It was to prevent possible nuisances that the ordinance was adopted, and in thus guarding against the possibility of a nuisance no injustice has been committed.

The position of the defendant that the ordinance is *ultra* the authority of the council is equally as untenable.

The question suggests itself, why was the law No. 116 of 1888 enacted if it does not grant additional authority to the council?

Prior to its enactment the police power of the council was sufficient to enact all proper regulations falling under that power, under the terms of the charter.

If it did not delegate authority to the council to adopt the ordinance assailed, the act added nothing to previously existing authority.

We do not so interpret the act.

The legislative will is obvious and expressed with clearness sufficient not to be misunderstood.

By the terms of the statute the City Council is authorized to adopt such ordinances for the government and regulation of private markets as they in their discretion may deem proper, and they " may prescribe by ordinance the manner in which such private markets shall be kept."

This covers the authority to adopt such ordinances as will maintain proper cleanliness and secure sufficient ventilation.

The least negligence may be hurtful and affect the public; the injury possible being common to all the ordinance is reasonable, not oppressive and not *ultra vires*.

When properly regulated and conducted with due regard to cleanliness, defendant's trade is not an offensive trade, and is as legitimate as any other business, but this lawful and necessary occupation must be exercised under proper regulations to protect the public.

Moreover, there is no evidence of record showing that the ordinance is unreasonable.

Without any testimony whatever before us upon the subject, we will not assume that the ordinance assailed is unreasonable.

Without any evidence to prove its unreasonableness the illegality on that ground can not be established.

The occupation being legitimate in every respect, highly useful as well as indispensable, we have heretofore held that it should not, for that reason, be subjected to needless restrictions.

We will not extend the scope of that decision so as to relieve them from the necessity of closely and actively observing every ordinance enacted under the statutes to protect against the least negligence that may be hurtful and affect the public.

The judgment appealed from is affirmed at appellant's costs.